IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENDORA,

    Plaintiff,

vs.                                                                                Civ. No. 00-1695 JP/LCS

JACKIE SELLERS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 11, 2001, Defendants National Association of Telecommunications Officers and Advisors (NATOA) and Darryl Anderson filed Defendants NATOA and Anderson's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 26). Having reviewed the briefs and relevant law, I find that this motion to dismiss should be granted.

A.  Background

The Plaintiff brings constitutional claims and claims under the Cable Television Policy Act of 1984 against Defendants NATOA and Anderson for their failure to air the Plaintiff's television show, "A Chat with Glendora," on the District of Columbia public access channel. Defendants NATOA and Anderson have no contacts with New Mexico. Accordingly, they moved for dismissal based on lack of personal jurisdiction and an award of attorney's fees and costs. The Plaintiff responded to the motion to dismiss by filing a Cross Motion by Glendora to Deny Defendants' Motion to Dismiss, to Impose Rule 11 Sanctions and to Grant Rule 56 Summary Judgment in Favor of Glendora (Doc. No. 30). The cross motion is in substance a response, not a

motion, and so will be treated as a response.[1]

B.  Legal Standard

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing that the exercise of personal jurisdiction over the defendant is proper.  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).  If the motion to dismiss is submitted on the basis of affidavits, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction to avoid dismissal for lack of personal jurisdiction.  *Id*. Factual disputes are resolved in favor of the plaintiff.  *Id*.

C.  Discussion

"Where federal statutes governing the claims in a federal question case do not specifically provide for national service of process, the court applies the law of the forum state--here, New Mexico--to determine whether it has personal jurisdiction over a nonresident defendant."  *Sunwest Silver, Inc. v. International Connection, Inc.*, 4 F.Supp.2d 1284, 1286 (D.N.M. 1998).  New Mexico applies a three step test to determine if there is personal jurisdiction over nonresident defendants: 1) the alleged violation of law must be based on an act enumerated in the New Mexico long-arm statute; 2) the plaintiff's cause of action must arise from that act; and 3) the act or acts of the defendant must establish the minimum contacts necessary to satisfy the due process clause.  *Benally on Behalf of Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988)(quoting *Salas v. Homestake Enterprises, Inc.*, 106 N.M. 344, 345, 742 P.2d

---

[1]The Plaintiff also filed Glendora Surreply to NATOA/Anderson:  No Meritorious Defense. [sic] Cross Motion Must be Granted (Doc. No. 33).  The Plaintiff did not seek the Court's permission to file her surreply as required by D.N.M. LR-Cv 7.6(b).  Consequently, the surreply will be stricken.

1049, 1050 (1987)).

> Acts enumerated in the New Mexico long-arm statute include:
>
> (1) the transaction of any business within this state;
> (2) the operation of a motor vehicle upon the highways of this state;
> (3) the commission of a tortious act within this state;
> (4) the contracting to insure any person, property or risk located within this state at the time of contracting;
> (5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

NMSA 1978, §38-1-16(A) (1959). Defendants NATOA and Anderson's failure to air "A Chat with Glendora" is not an enumerated act under the New Mexico long-arm statute nor does this cause of action arise from one of those enumerated acts. Moreover, the lack of any contacts with New Mexico does not satify the due process clause. For these reasons, I find that there is no personal jurisdiction as to Defendants NATO and Anderson.

The Plaintiff, however, raises several arguments in favor of denying this motion to dismiss. First, the Plaintiff argues that this Court has personal jurisdiction over Defendants NATOA and Anderson because the United States Marshal has served them. The Tenth Circuit has held that "[w]hile service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are distinct concepts that require separate inquiries." *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). Consequently, even if Defendants NATOA and Anderson were served, the question of personal jurisdiction can nonetheless be addressed subsequently.

3

The Plaintiff also contends in a conclusory fashion that she is entitled to summary judgment.  The Court cannot grant a request for summary judgment that is not supported by "a short, concise statement of the reasons in support of the motion with a list of authorities relied upon."  D.N.M. LR-Cv 56.1(a).  The memorandum supporting a motion for summary judgment must also "set out a concise statement of all of the material facts as to which movant contends no genuine issue exits [sic].  The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies."  *Id*.  Since the Plaintiff has not complied with the local rule concerning motions for summary judgment, her request for summary judgment will be denied.

The Plaintiff further contends that Defendants NATOA and Anderson failed to file a Notice of Motion.  The District of New Mexico, however, has no requirement that a Notice of Motion be filed before the Court can consider a properly served and filed motion.

Next, the Plaintiff asks the Court to impose Fed. R. Civ. P. 11 sanctions on Defendants NATOA and Anderson for filing a frivolous motion to dismiss.  Because I have found that the motion to dismiss should be granted, the motion to dismiss cannot be frivolous.  Plaintiff's request for Rule 11 sanctions will be denied.

The Plaintiff further asks that the Court enter default judgment against Defendants NATOA and Anderson.  The Plaintiff gives no legitimate grounds for this request.  The request for default judgment will, therefore, be denied.

Finally, the Plaintiff alleges that Defendants NATOA and Anderson violated D.N.M. LR-Cv 83.3, 83.4 and 83.7.  D.N.M. LR-Cv 83.3 concerns the admission of non-resident attorneys.  D.N.M. LR-Cv 83.3, however, is inapplicable because Defendants NATOA and Anderson are

represented by local resident attorneys, William Madison and Shannon Parden. D.N.M. LR-Cv 83.4 requires attorneys to enter an appearance on behalf of their clients. William Madison and Shannon Parden entered their appearances on May 25, 2001 and June 11, 2001. Entry of Special Appearance (Doc. Nos. 11 and 32). D.N.M. LR-Cv 83.7 requires that an attorney representing a corporation be authorized to practice before this Court. Both William Madison and Shannon Parden are members of this Federal Court and are, therefore, authorized to practice before this Court. Plaintiff's allegation that Defendants NATOA and Anderson violated D.N.M. LR-Cv 83.3, 83.4 and 83.7 is without merit.

The last issue to be addressed is whether to award attorney's fees and costs to Defendants NATOA and Anderson. There is no question that the Plaintiff is a "frequent filer" in other federal districts. However, since the Plaintiff has not filed in this district previously and is proceeding *in forma pauperis*, I will not award attorney's fees and costs in this instance. The Plaintiff is now forewarned that any future frivolous filings will be subject to sanctions including attorney's fees and costs as well as dismissal if appropriate.

IT IS ORDERED that:

1. Glendora Surreply to NATOA/Anderson: No Meritorious Defense. [sic] Cross Motion Must be Granted (Doc. No. 33) is stricken;

2. the Defendants NATOA and Anderson's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 26) is granted;

3. this case is dismissed as to Defendants NATOA and Anderson;

4. Plaintiff's requests for entry of summary judgment, imposition of Rule 11 sanctions, and entry of default judgment are denied; and

5.  Defendants NATOA and Anderson's request for an award of attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE