IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENDORA,

     Plaintiff,

vs.                                       Civ. No. 00-1695 JP/LCS

JACKIE SELLERS, et al.,

     Defendants.

MEMORANDUM OPINION AND ORDER

On June 7, 2001, Defendants Jackie Sellers, Nantz Rickard and the Public Access

Corporation of the District of Columbia, its Officers and its Board (the DCTV Defendants) filed a

Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 22).  Having reviewed the briefs

and relevant law, I find that this motion to dismiss should be granted.

A.  Background

     The Plaintiff brings constitutional claims and claims under the Cable Television Policy Act

of 1984 against the DCTV Defendants for their failure to air the Plaintiff's television show, "A

Chat with Glendora," on the District of Columbia public access channel.  The DCTV Defendants

have no contacts with New Mexico.  Accordingly, the DCTV Defendants moved for dismissal

based on lack of jurisdiction.  The Plaintiff responded to the motion to dismiss by filing a Notice

of Cross Motion by Glendora to Deny Defendants' Motion to Dismiss, to Impose Rule 11

Sanctions and to Grant Rule 56 Summary Judgment, in Favor of Glendora (Doc. No. 30).  The

cross motion is in substance a response, not a motion, and so will be treated as a response.

B.  Legal Standard

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing that the exercise of personal jurisdiction over the defendant is proper.  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).  If the motion to dismiss is submitted on the basis of affidavits, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction to avoid dismissal for lack of personal jurisdiction.  *Id.*

C.  Discussion

"Where federal statutes governing the claims in a federal question case do not specifically provide for national service of process, the court applies the law of the forum state--here, New Mexico--to determine whether it has personal jurisdiction over a nonresident defendant."  *Sunwest Silver, Inc. v. International Connection, Inc.*, 4 F.Supp.2d 1284, 1286 (D.N.M. 1998).  New Mexico applies a three step test to determine if there is personal jurisdiction over nonresident defendants: 1) the alleged violation of law must be based on an act enumerated in the New Mexico long-arm statute; 2) the plaintiff's cause of action must arise from that act; and 3) the act or acts of the defendant must establish the minimum contacts necessary to satisfy the due process clause.  *Benally on Behalf of Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988)(quoting *Salas v. Homestake Enterprises, Inc.*, 106 N.M. 344, 742 P.2d 1049, 1050 (1987)).

Acts enumerated in the New Mexico long-arm statute include:

(1) the transaction of any business within this state;
(2) the operation of a motor vehicle upon the highways of this state;
(3) the commission of a tortious act within this state;
(4) the contracting to insure any person, property or risk located within this state at the time of contracting;

2

> (5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

NMSA 1978, §38-1-16(A) (1959).  The DCTV Defendants' failure to air "A Chat with Glendora" is not an enumerated act under the New Mexico long-arm statute nor does this cause of action arise from one of those enumerated acts.  Moreover, the lack of any contacts with New Mexico does not comport with the due process clause.  For these reasons, I find that there is no personal jurisdiction as to the DCTV Defendants.

The Plaintiff, however, raises several arguments in favor of denying this motion to dismiss.  First, the Plaintiff argues that this Court has personal jurisdiction over the DCTV Defendant because the United States Marshal has served them.  The Tenth Circuit has held that "[w]hile service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are distinct concepts that require separate inquiries."  *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).  Consequently, even if the DCTV Defendants were served, the question of personal jurisdiction can nonetheless be addressed subsequently.

The Plaintiff also contends in a conclusory fashion that she is entitled to summary judgment.  The Court cannot grant a request for summary judgment that is not supported by "a short, concise statement of the reasons in support of the motion with a list of authorities relied upon."  D.N.M. LR-Cv 56.1(a).  The memorandum supporting a motion for summary judgment must also "set out a concise statement of all of the material facts as to which movant contends no genuine issue exits [sic].  The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies."  *Id*.  Since the Plaintiff has not complied with

3

the local rule on motions for summary judgment, her request for summary judgment will be denied.

The Plaintiff further contends that the DCTV Defendants failed to file a Notice of Motion. The District of New Mexico, however, has no requirement that a Notice of Motion be filed before the Court can consider a properly filed and served motion.

Next, the Plaintiff asks the Court to impose Fed. R. Civ. P. 11 sanctions on the DCTV Defendants for filing a frivolous motion to dismiss. Because I have found that the motion to dismiss should be granted, the motion to dismiss cannot be frivolous. Plaintiff's request for Rule 11 sanctions will be denied.

The Plaintiff asks that the Court enter default judgment against the DCTV Defendants. The Plaintiff gives no legitimate grounds for this request. The request for default judgment will, therefore, be denied.

Finally, the Plaintiff alleges that the DCTV Defendants violated D.N.M. LR-Cv 83.3, 83.4 and 83.7. On June 27, 2001, I waived the DCTV Defendants' compliance with D.N.M. LR-Cv 83.3, 83.4 and 83.7. Order (Doc. No. 28). Consequently, the DCTV Defendants have not violated D.N.M. LR-Cv 83.3, 83.4 and 83.7.

IT IS ORDERED that:

1. the DCTV Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 22) is granted;

2. this case is dismissed as to the DCTV Defendants; and

3. Plaintiff's requests for entry of summary judgment, imposition of Rule 11 sanctions,

and entry of default judgment are denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE