IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENDORA,

    Plaintiff,

vs.                                                    Civ. No. 00-1695 JP/LCS

JACKIE SELLERS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 17, 2001, Defendants Multnomah Community Television (MCT) and Judy Grace filed a Motion of the Defendants Multnomah Community Television and Judy Grace to Dismiss Plaintiff's Complaint with Prejudice for Lack of Personal Jurisdiction and Venue (Doc. No. 47). Having reviewed the briefs and relevant law, the Court finds that this motion to dismiss should be granted in part.

A. Background

The Plaintiff brings constitutional claims and claims under the Cable Television Policy Act of 1984 against Defendants MCT and Grace for their failure to air the Plaintiff's television show, "A Chat with Glendora," on MCT, an Oregon public access channel. Defendants MCT and Grace have no contacts with New Mexico. Accordingly, they moved for dismissal based on lack of personal jurisdiction and improper venue. Defendants MCT and Grace also request that the Court award them attorney's fees and costs.

On September 10, 2001, the Plaintiff responded to the motion to dismiss by filing a Notice of Cross Motion to Deny Motion to Dismiss Claims Against Multi [sic] and Grace to Impose Rule 11 Sanctions for Frivolous Motion and to Grant Rule 56 Summary Judgment in Glendora's Favor

(Doc. No. 73). The cross motion is in substance a response, not a motion, and so will be treated as a response. The Court notes that the Plaintiff's response is untimely. *See* D.N.M. LR-Cv 7.6(a) ("A response is due within fourteen (14) calendar days after service of the motion."). The response will, therefore, be stricken.

On October 19, 2001, the Plaintiff also filed a Surreply to Multnomah/Grace "Reply" of Sep [sic] 18 (Doc. No. 78). The Plaintiff did not seek the Court's permission to file her surreply as required by D.N.M. LR-Cv 7.6(b). Consequently, the surreply will be stricken.

B. Discussion

    1. Personal Jurisdiction

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing that the exercise of personal jurisdiction over the defendant is proper. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996). If the motion to dismiss is submitted on the basis of affidavits, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction to avoid dismissal for lack of personal jurisdiction. *Id*. Factual disputes are resolved in favor of the plaintiff. *Id*.

"Where federal statutes governing the claims in a federal question case do not specifically provide for national service of process, the court applies the law of the forum state--here, New Mexico--to determine whether it has personal jurisdiction over a nonresident defendant." *Sunwest Silver, Inc. v. International Connection, Inc.*, 4 F.Supp.2d 1284, 1286 (D.N.M. 1998). New Mexico applies a three step test to determine if there is personal jurisdiction over nonresident defendants: 1) the alleged violation of law must be based on an act enumerated in the New Mexico long-arm statute; 2) the plaintiff's cause of action must arise from that act; and 3) the act

or acts of the defendant must establish the minimum contacts necessary to satisfy the due process clause. *Benally on Behalf of Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988)(quoting *Salas v. Homestake Enterprises, Inc.*, 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987)).

> Acts enumerated in the New Mexico long-arm statute include:
>
> (1) the transaction of any business within this state;
> (2) the operation of a motor vehicle upon the highways of this state;
> (3) the commission of a tortious act within this state;
> (4) the contracting to insure any person, property or risk located within this state at the time of contracting;
> (5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

NMSA 1978, §38-1-16(A) (1959). Defendants MCT and Grace's failure to air "A Chat with Glendora" is not an enumerated act under the New Mexico long-arm statute nor does this cause of action arise from one of those enumerated acts. Moreover, the lack of any contacts with New Mexico does not satisfy the due process clause. For these reasons, the Court finds that there is no personal jurisdiction as to Defendants MCT and Grace.

2. Venue

In addition, venue is not proper in New Mexico as to Defendants MCT and Grace. 28 U.S.C. §1391(b) provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

3

In this case, Defendants MCT and Grace do not reside in New Mexico and none of the alleged events or omissions forming the basis for the Plaintiff's second amended complaint occurred in New Mexico.

Improper venue can be a basis for dismissal. *See* 28 U.S.C. §1406(a) (the district court "shall" dismiss a lawsuit with improper venue, "or if it be in the interest of justice, transfer such case...."). It is within the sound discretion of the district court to decide whether to dismiss or transfer a lawsuit which lacks proper venue. *Pierce by Short Small's of Branson Inc.* 137 F.3d 1190, 1191 (10th Cir. 1998)(citations omitted). Considering the Plaintiff's well-known litigious history of filing meritless lawsuits, the Court determines that it would not be in the interest of justice to transfer this case to the District of Oregon. Consequently, the lack of proper venue is another ground for dismissal.

3. Attorney's Fees and Costs

The last issue to be addressed is whether to award attorney's fees and costs to Defendants MCT and Grace. Since the Plaintiff is proceeding *in forma pauperis* and is probably unfamiliar with the concepts of personal jurisdiction and venue, the Court will not award attorney's fees and costs in this instance.

IT IS ORDERED that:

1. Plaintiff's Notice of Cross Motion to Deny Motion to Dismiss Claims Against Multi [sic] and Grace to Impose Rule 11 Sanctions for Frivolous Motion and to Grant Rule 56 Summary Judgment in Glendora's Favor (Doc. No. 73) and Plaintiff's Surreply to Multnomah/Grace "Reply" of Sep [sic] 18 (Doc. No. 78) are stricken;

2. the Motion of the Defendants Multnomah Community Television and Judy Grace to Dismiss Plaintiff's Complaint with Prejudice for Lack of Personal Jurisdiction and Venue (Doc. No. 47) is granted in part;

3. this case will be dismissed without prejudice as to Defendants MCT and Grace; and

4. Defendants MCT and Grace's request for an award of attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE