IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENDORA,

    Plaintiff,

vs.                                                                          Civ. No. 00-1695 JP/LCS

JACKIE SELLERS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 14, 2001, Defendants Charles F. Dolan, James L. Dolan, Robert S. Lemle, Marck Budill, Charles A. Forma, Maryce Cunningham, Brien Van Horn[1], Christine Savarino, Brenda Cherry, Cablevision Systems Corporation, Robert Callagy, and Satterlee/Stephens/ Burke/Burke (Defendant Satterlee) (collectively, the Gamma Defendants) filed a Notice of Motion (Doc. No. 41) and Memorandum of Law in Support of Defendants' Motion to Dismiss and to Enjoin Further Frivolous Litigation (Doc. No. 42).[2] Having reviewed the relevant law and the briefs, the Court finds that the Gamma Defendants' motion to dismiss because of lack of venue and request for in injunction in this district should be granted, but the requests for a nationwide injunction and for attorney's fees and costs should be denied.

The Gamma Defendants move to dismiss the Plaintiff's lawsuit against them for lack of proper venue. The Gamma Defendants also move to permanently enjoin the Plaintiff from filing

---

[1] The correct name of this Defendant apparently is Brien McNeil.

[2] Defendants Dianne Bennett and Amy Vanhorn, who were grouped with the Gamma Defendants in the caption of the Plaintiff's Amended Complaint (Doc. No. 29), did not join in the motion to dismiss and to enjoin. The Gamma Defendants who filed this motion to dismiss and to enjoin the Plaintiff from filing frivolous lawsuits also misidentified Defendant Brien McNeil as "Brien Van Horn."

any lawsuit in any federal court without the permission of the court in which the new lawsuit is to be filed. Finally, the Gamma Defendants ask that the Court award them attorney's fees and costs for defending this lawsuit.

On September 17, 2001, the Plaintiff responded to the Gamma Defendants' motion by filing a Notice of Cross Motion to Deny Satterlee Motion to Dismiss and to Impose Rule 11 Sanctions Because of Numerous Defects and to Grant Plaintiff Summary Judgment (Doc. No. 74). The cross motion is in substance a response, not a motion, and so will be treated as a response. The Court will first address the various procedural complaints the Plaintiff raises in her response before addressing the Gamma Defendants' arguments.

A. Procedural Issues Raised by Plaintiff

The Plaintiff argues first that Defendant Satterlee, a law firm, cannot represent the other Gamma Defendants as well as itself. Since there is no apparent conflict of interest in having Defendant Satterlee represent itself and the other Gamma Defendants, the Plaintiff's concern about Defendant Satterlee's representation of the other Gamma Defendants is unfounded.

The Plaintiff argues next that local counsel for the Gamma Defendants, Charles Pharris, did not sign the Notice of Motion (Doc. No. 41) and the Memorandum of Law in Support of Defendants' Motion to Dismiss and to Enjoin Further Frivolous Litigation (Doc. No. 42) as required by Fed. R. Civ. P. 11. Rule 11(a) states that if a party is represented by counsel, the party's attorney of record must sign the pleadings. In this case, New York counsel, Debra Kessler, signed the Gamma Defendants' pleadings. However, as the Plaintiff notes, neither Mr. Pharris nor Ms. Kessler has entered an appearance in this case in the manner required by D.N.M. LR-Cv 83.4. Nonetheless, in the interest of justice, the Court will waive the entry of appearance

2

requirement for Mr. Pharris and Ms. Kessler in order to resolve the Gamma Defendants' dispositive motion expeditiously. *See* D.N.M. LR-Cv 1.7 (the local rules "may be waived by a Judge to avoid injustice."). In addition, the names, addresses and phone numbers of both Ms. Kessler and Mr. Pharris are shown on the Notice of Motion and on the supporting memorandum. Accordingly, the Court determines that Ms. Kessler's signatures alone are sufficient to comply with Rule 11(a).

Next, the Plaintiff argues that the Gamma Defendants did not serve her with the Notice of Motion (Doc. No. 41) and the Memorandum of Law in Support of Defendants' Motion to Dismiss and to Enjoin Further Frivolous Litigation (Doc. No. 42). The Gamma Defendants filed an Affidavit of Service by Mail (Doc. No. 43) on August 14, 2001 stating that a copy of the Memorandum of Law in Support of Defendants' Motion to Dismiss and to Enjoin Further Frivolous Litigation (Doc. No. 42) and its accompanying affidavits were mailed to the Plaintiff on August 13, 2001 at P.O. Box 416, White Plains, New York 10603. Apparently, the Gamma Defendants used the wrong zip code. The Plaintiff's correct zip code is 10602. The service issue, however, is now moot since the Plaintiff nonetheless responded to the Gamma Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss and to Enjoin Further Frivolous Litigation (Doc. No. 42), albeit in an untimely manner. Since the Plaintiff may not have been timely served with the Gamma Defendants' Notice of Motion (Doc. No. 41) and the Memorandum of Law in Support of Defendants' Motion to Dismiss and to Enjoin Further Frivolous Litigation (Doc. No. 42), the Court will not strike the Plaintiff's response for being untimely.

B. Venue

>  28 U.S.C. §1391(a) provides that
>
>  A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Gamma Defendants do not reside in New Mexico and the events or omissions which form the basis of the Plaintiff's Amended Complaint against the Gamma Defendants did not take place in New Mexico. The Plaintiff's response does not address the venue issue but rather argues the merits of her lawsuit. Clearly, New Mexico is an improper forum for the Plaintiff's lawsuit against the Gamma Defendants.

The Gamma Defendants argue that the Plaintiff's lawsuit against them should be dismissed rather than transferred to a district court in New York. *See* 28 U.S.C. §1406(a) (the district court "shall" dismiss a lawsuit with improper venue, "or if it be in the interest of justice, transfer such case...."). It is within the sound discretion of the district court to decide whether to dismiss or transfer a lawsuit which lacks proper venue. *Pierce by Short Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998)(citations omitted). Because of the Plaintiff's history of filing meritless lawsuits, the Court determines that it would not be in the interest of justice to transfer this lawsuit to a district court in New York. Accordingly, the Plaintiff's lawsuit will be dismissed as to the Gamma Defendants for lack of proper venue.

C.  Enjoining the Plaintiff from Filing Frivolous Lawsuits

The Gamma Defendants also ask the Court to enjoin the Plaintiff from filing frivolous lawsuits in any federal court without that court's permission.  The district court has an inherent power under 28 U.S.C. §1651(a) to enjoin abusive litigants.  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  Injunctions are proper where the litigant's extensive and abusive litigation history is set forth.  *Id*. at 353.  The Gamma Defendants have recounted the Plaintiff's extensive and abusive litigation history in other courts.  The Court finds that this history supports future restrictions on the Plaintiff's ability to file lawsuits in this district court.  Although the Gamma Defendants appear to request that the Plaintiff be enjoined from filing actions in all federal courts, the Court believes that it can only restrict the Plaintiff's ability to file lawsuits in this district court.

Where a litigant's access to the court is restricted, guidelines must be set forth so that the litigant is aware of the actions he or she must take to be able to file a lawsuit.  *Id*. at 354.  Moreover, the litigant "is entitled to notice and an opportunity to oppose the court's order before it is instituted."  *Id*.  A proposed Order Outlining Procedures for Petition to Seek Leave to File *Pro Se* Action is attached to this Memorandum Opinion and Order as Appendix A.  The Plaintiff will have until January 22, 2002 to file an opposition to the proposed Order Outlining Procedures for Petition to Seek Leave to File *Pro Se* Action.

D.  Attorney's Fees and Costs

The Gamma Defendants further argue that they should be awarded attorney's fees and costs incurred for defending this action.  Considering the Plaintiff's *informa pauperis* status and her questionable understanding of the meaning of venue, the Gamma Defendants' request for attorney's fees and costs will be denied.

5

IT IS ORDERED that

1. the entries of appearance by Mr. Pharris and Ms. Kessler in the manner required by D.N.M. LR-Cv 83.4 are waived;

2. the Plaintiff's untimely response will not be stricken;

3. the Plaintiff's claims against the Gamma Defendants will be dismissed without prejudice;

4. the Gamma Defendants' request for attorney's fees and costs is denied;

5. the Plaintiff will have until January 22, 2002 to file objections to the proposed Order Outlining Procedures for Petition to Seek Leave to File *Pro Se* Action; and

6. The Gamma Defendants' request for an injunction applicable to federal districts other than the District of New Mexico is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Appendix A

Proposed Order Outlining Procedures for Petition to Seek Leave to File *Pro Se* Action

As a requisite to filing a *pro se* complaint or other paper, Glendora must tender to the Clerk's Office three documents: (1) a petition titled, "Petition Seeking Leave to File a *Pro Se* Action" which has attached to it a copy of the Order Outlining Procedures for Petition to Seek Leave to File *Pro Se* Action; (2) an affidavit in proper legal form as directed below; and (3) a copy of the complaint or other paper sought to be filed in this district or a copy of the claims sought to be filed in this district.

The Petition Seeking Leave to File a *Pro Se* Action must contain the following information: (1) a statement advising the court whether any defendant to the lawsuit was a party to, or was any way involved in, any prior lawsuit involving Glendora, and if so in what capacity; (2) a list of all lawsuits in the United States District Courts, the United States Courts of Appeals, the United States Supreme Court, and state courts in which Glendora was or is a party; the name and citation of each case including jurisdiction; Glendora's involvement in each lawsuit; the status of each lawsuit; and the disposition; (3) a list of all federal or state cases in which a judgment was rendered against Glendora, if any; the name and citation of each case; the amount of judgment rendered against her, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding; (4) a list of all federal or state cases in which a judgment was rendered in favor of Glendora, if any; the name and citation of each case; the amount of judgment rendered in favor of her, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding; and (5) a listing specifically identifying any procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail

7

sentences arising out of a civil prosecution, imposed against her by any court, including all appellate courts, if any; the name and citation of each case; a brief statement explaining the sanctions, attorneys' fees, contempt order, or jail sentence imposed, if any; the type or amount of sanctions; and the outstanding amount of monetary sanctions or attorneys' fees, if any; the status of the sanctions or contempt orders, if any; and their disposition.

Failure to satisfy monetary sanctions or the assessment of attorneys' fees imposed against Glendora by a court may be a consideration precluding approval of the Petition seeking Leave to File a *Pro Se* Action.

The affidavit must be in proper legal form, with proper notarization, and is to contain the following recitals: (1) that the claim or claims Glendora wishes to present never before have been raised by her and disposed of by any federal or state court; (2) that to the best of Glendora's knowledge the claim or claims are not frivolous or taken in bad faith; that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) that the claim or claims are not meant to harass any individual or entity.

The Court notes that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. §1927.

8

The complaint or other paper sought to be filed in this district or claims sought to be filed in this district must comply with this Order, Fed.R.Civ.P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice for the United States District Court for the District of New Mexico (Local Rules of Practice.)

The procedure for review of Glendora's intended filings is as follows: Whenever Glendora submits a Petition for Leave to File a *Pro Se* Action, the Clerk of the Court, or designated deputies, will accept the documents, mark them received, and immediately forward them to a United States District Judge. The District Judge will order approval or disapproval of the petition. The District Judge will consider the following: (1) whether Glendora has complied with this Order in all particulars; (2) whether Glendora's complaint or other paper complies with the Federal Rules of Civil Procedure and Local Rules of Practice; (3) whether the complaint or other paper is frivolous, abusive, harassing or malicious; (4) whether the claims raised in Glendora's complaint or other paper have been raised by her and disposed of by any federal or state court; (5) whether there has been full compliance with Fed. R. Civ. P. 11, and all complaints or other papers and filings are not violative of 28 U.S.C. § 1927; (6) whether the complaint or other paper alleges claims against individuals or entities that may have immunity from suit; and (7) such other reasonable requirements established by the court or the District Judge.

The District Judge must not otherwise address the merits of the complaint or other paper. In the discretion of the District Judge, the documents may be presented directly to a Magistrate Judge who will pass on the petition, following the procedures set forth herein. The Magistrate Judge will submit proposed findings and a recommendation as to the disposition of the petition to the District Judge or his or her designees. Copies of the proposed findings and recommendations

9

will be mailed to the petitioner and all interested parties will have ten days after service thereof to serve and file written, specific objections. If no such objections are timely filed, the Magistrate Judge's proposed findings and recommendations may be accepted by the District Judge or his or her designees and appropriate orders entered without further notice. *See* Fed.R.Civ.P. 72(a).

Failure to comply with the procedures and principles mandated by this Order will be sufficient grounds for denying the petition for leave to file. The District Judge may order disapproval of the petition if there are false recitals in the documents. If Glendora makes false recitals in the documents, Glendora may be considered in violation of this Order, and she may be subject to other orders of the court, including appropriate sanctions. The provisions contained in Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 are incorporated into this Order.

If the court enters an order granting the petition, the Clerk of the Court will cause the complaint or other paper and materials to be filed *nunc pro tunc* to the date the documents were tendered. The assignment of the case will be made under the Local Rules of Practice. All filings in the case will be in strict conformity with the Federal Rules of Civil Procedure and the Local Rules of Practice. This Order will not interfere in any way with pending actions, orders or judgments of any federal court involving Glendora.

_____
CHIEF UNITED STATES DISTRICT JUDGE